

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

*Rec'd By NOV 10 2009 Art Miller*

```
REC'D BY JEFF SHAY
NOV 09 2009
ROUTE TO:
COPIES TO:
```

November 03, 2009

State Farm Fire & Casualty Company
2500 Memorial Boulevard % Jeff Shay
Murfreesboro, TN 37131-0001
NAIC # 25143

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 0960 0000 9316 5986
Cashier # 5838

Re: George & Mary Sexton  V.  State Farm Fire & Casualty Company

Docket # 2009-Cv-7801

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on October 28, 2009 by George & Mary Sexton pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Scott County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Scott County
    P O Box 330
    Huntsville, Tn 37756

*Rec'd By Nov 10 2009 arvetta McClardy*

# Exhibit "A"

IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
AT HUNTSVILLE

GEORGE ANTHONY SEXTON, )
AND WIFE MARY P. SEXTON, )
 )
Plaintiffs, )
 )
vs. ) No.: 2009-CV-7801
 )
STATE FARM FIRE, )
AND CASUALTY COMPANY )
 )
Defendant. )

SUMMONS

To the above named defendant: State Farm Fire and Casualty Company

Service Through: Tennessee's Commission of Commerce & Insurance
500 James Robertson Parkway, 4th Floor
Nashville, Tennessee 37243

Attention: Service of Process

You are hereby summoned and required to serve upon Howard R. Ellis, Plaintiff's attorney, whose address is 18539 Alberta Street Oneida, TN 37841 (mailing address: P.O. Box 4468, Oneida, Tennessee, 37841), an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 23 day of October, 2009.

Donnie Phillips
Clerk

Mukyah Murphy
Deputy Clerk

Received this 23 day of October, 2009.

Howard R Ellis
Process Server

RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the __24__ day of __October__, 2009, I served this Summons together with a copy of the Complaint herein as follows:

Mailed to TN Commission of Commerce & Insurance with sufficient postage to carry to its destination

_____
Process Server

TO THE DEFENDANT:
Tennessee law provides a four-thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CIRCUIT COURT FOR SCOTT COUNTY, TENNESSEE
AT HUNTSVILLE

| | |
|---|---|
| GEORGE ANTHONY SEXTON, <br> AND WIFE MARY P. SEXTON, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE <br> AND CASUALTY COMPANY <br><br> Defendant. | **FILED** <br> DATE _10/23/07_ TIME _4:00 pm_ <br> DONNIE PHILLIPS, CLERK <br><br> No. _2009-CV-7801_ |

## COMPLAINT

Comes the Plaintiffs, by and through counsel, and would show unto the Court as follows:

1. Plaintiffs are and were on October 27, 2008 citizens and residents of Scott County, Tennessee.

2. On or about September 2005, the Plaintiffs purchased a residence located at 1033 Shepherd Rd, Oneida, TN. 37841.

3. The Plaintiffs were informed and believes that the Defendant is a Stock Insurance Company and maintains a business address at 818 Sunset Drive, Suite 103, P. O Box 6107 Johnson City, TN. 37603, maintains Roger Baldwin, State Farm Insurance Agent, 20291 Alberta Street, Oneida, TN, 37841 as a local insurance agent; that service of process may be affected upon the defendant by service of process upon Tennessee's Commission of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243-1131. ; The policy number being 42-KE-5713-0.

1

4. That the Plaintiffs entered into agreement with the Defendant, through its agent, Roger Baldwin, State Farm Insurance Agency, whereby the Defendant was to and did provide home owners insurance on the dwelling and the personal property located at 1033 Shepard Rd, Oneida, TN. 37841 under the Defendants Policy Number 42-KE-5713-0 for the policy period from January 2008 to January 2009.

5. That on October 27, 2008 a fire of unknown origin occurred in and at the premises located at 1033 Shepard Rd, Oneida, TN. 37841 which resulted in the total destruction and/or damage beyond use or salvage of the house and personal property owned or controlled by the Plaintiffs and located at 1033 Shepard Rd, Oneida, TN. 37841.

6. That under the terms of Policy No.42-KE-5713-0 issued by the Defendant and in force at the time that the residential property and the contents were destroyed. The insurance policy was to pay the insured for physical loss or damage to the residence and the contents. That the Plaintiffs personal property, insured by the Defendant, was damaged beyond repair or salvage and had a replacement cost value in excess of the policy limits. That the Plaintiff's residence, insured by the Defendant, was damaged beyond repair or salvage.

7. That the Defendant's agent received notice of the Plaintiffs fire loss in a timely manner following the fire, and has otherwise complied with the terms of the Defendant's policy No 42-KE-5713-0.

8. That the Defendant's policy No. 42-KE-5713-0, a contract of insurance which the Defendant on or about January 2006 and renewed on or about January 2007 and January 2008, was in force and effect on October 27, 2008, with the insurance premiums paid,

2

and was an obligating existing contract at the time of the Plaintiffs aforesaid fire loss on October 27, 2008; and that the Defendant has failed and refused to pay the Plaintiffs the amount due to be paid under the terms of the Policy No. 42-KE-5713-0.

9. Plaintiff avers that Defendant breached the Policy, including the implied covenant of good faith, by refusing to honor the policy.

10. Plaintiff avers that Defendant's breach of contract involved fraud and oppression, and that a substantial award of punitive damages is necessary and appropriate to punish and to deter such conduct in the future. *See Bryson v. Bramlett*, 321 S.W. 2d 555 (Tenn. 1958).

11. Plaintiff sues Defendant pursuant to T.C.A §56-7-105 for bad faith denial of an insurance claim, in an amount equal to twenty-five percent (25%) of Counter-Defendant's liability under the Policy.

12. Plaintiff avers that Defendant engages in "trade" and "commerce" and that an insurance policy is a "consumer transaction" within the meeting of T.C.A. § 47-18-103 (9).

13. Plaintiff avers that Defendant engaged in unfair and deceptive acts and practices in violation of T.C.A. §§ 47-18-104 (a) and 104(b) (27), in that Defendant denied coverage under the Policy in bad faith.

14. Plaintiff avers that Defendant engaged in unfair and deceptive acts and practices in violation of T.C.A. §§ 47-18-104 (a) and 104(b) (27), by interpreting the Policy as excluding coverage based on the fact that Plaintiff's value of personal property as submitted to insurance was a different value submitted to bankruptcy court, wherein two (2) different definitions of value of personal property is utilized.

15. Plaintiff avers that Defendant engaged in unfair and deceptive acts and practices in violation of T.C.A. §§ 47-18-104 (a) and 104(b) (27), by interpreting the Policy in such a way as to render the insuring agreement of the Policy illusory.

16. Plaintiff avers that Defendant engaged in unfair and deceptive acts and practices in violation of T.C.A. §§ 47-18-104 (a) and 104(b) (27), by interpreting the Policy in such a way as to render defined terms of the Policy superfluous and irrelevant, including language that clearly provides coverage in the event of a fire but then denying coverage based on disagreements of value of personal property.

17. Plaintiff avers that Defendant engaged in unfair and deceptive acts and practices in violations of T.C.A. §§ 47-18-104 (a) and 104(b) (27), by adopting and unconscionable interpretation of the Policy.

18. Pursuant to T.C.A. § 47-18-109 (a) (1), Defendant is liable to Plaintiff for actual damages.

19. Pursuant to T.C.A. § 47-18-109 (a) (3), Defendant is liable to Plaintiff for treble damages for its willful and knowing violation of the Tennessee Consumer Protection Act.

20. Pursuant to T.C.A. § 47-18-109 (c) (4) (e) (1), Defendant is liable for Plaintiff's attorney fees and costs.

PREMISES CONSIDERED, the Plaintiffs make the following demands, to-wit:

1. That process issue and be served up the Defendant through the Commissioner of Commerce and Insurance requiring the Defendant to answer the Complaint in this cause without verification.

2. That the Plaintiffs have judgment of the Defendant for the policy limits of Policy NO. 42-KE-5713-0.

4

3. That the Plaintiff be awarded pre-judgment interest on any judgment awarded them against the Defendant for the period from and after October 27, 2008 until the date of entry of judgment on the Complaint herein.

4. That Plaintiff be awarded judgment against Defendant for actual damages, treble damages, attorney fees and costs, pursuant to the Consumer Protection Act;

5. That Plaintiff be awarded judgment against Defendant for punitive damages, in an amount not to exceed $5,000.00;

6. That the Plaintiffs have such other, further general relief to which they may be entitled.

7. That this cause be tried by a jury of twelve.

Respectfully submitted,

                                      GEORGE ANTHONY SEXTON and Wife
                                      MARY P. SEXTON

                                      By: _____
                                      Howard R. Ellis, BPR# 018367
                                      Attorney for Plaintiffs
                                      P.O. Box 4468
                                      Oneida, TN 37841
                                      (423) 569-7000

## COST BOND

We acknowledge ourselves good for all costs in this cause, not to exceed the sum of Five Hundred ($500.00) Dollars.

Principals:

_____
George Anthony Sexton

_____
Mary P. Sexton

Surety:

_____
Howard R. Ellis

## AFFIDAVIT

I, GEORGE ANTHONY SEXTON, hereby attest that the facts stated in this Complaint for Breach of Contract are true to the best of my knowledge and belief and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth, for the causes mentioned in this Complaint.

Dated this the 23 day of October, 2009.

_____
GEORGE ANTHONY SEXTON

Sworn to and subscribed before me this the 23 day of October, 2009.

_____
NOTARY PUBLIC

My Commission Expires

1-23-2013

6

### AFFIDAVIT

I, MARY P. SEXTON, hereby attest that the facts stated in this Complaint for Breach of Contract are true to the best of my knowledge and belief and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth, for the causes mentioned in this Complaint.

Dated this the __23__ day of October, 2009.

_____Mary Sexton_____
MARY P. SEXTON

Sworn to and subscribed before me this the __23__ day of October, 2009.

_____Melissa Mathews Boyatt_____
NOTARY PUBLIC

My Commission Expires

__1-23-2013__

