UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GEORGE ANTHONY SEXTON,
AND WIFE MARY P. SEXTON,

    Plaintiffs,

vs.

Case No.: **3:09-CV-535**
(VARLAN/SHIRLEY)

STATE FARM FIRE
AND CASUALTY COMPANY,

    Defendant.

## PRE-TRIAL ORDER

**A.** **Jurisdiction**. The Plaintiffs are citizens and residents of the State of Tennessee, the Defendant is a corporation domiciled in Illinois, and the amount in controversy exceeds $75,000.00 thereby submitting to this Court's jurisdiction.

**B.** The pleadings are amended to conform to the Pretrial Order.

**C.** **Plaintiff's theory**.

The Plaintiffs sustained a fire to their real property which destroyed the structure built on the real property and the personal property contained in the structure. The Defendant issued an insurance policy to the Plaintiffs to cover losses which occurred to the Plaintiff's structure and to their personal property. The loss was caused by not fault of their own and that the Defendant shall pay to the Plaintiffs pursuant to the policy of insurance. The Plaintiffs made no misrepresentation to the Defendant during the claims period to necessitate the denying of their claim.

D.  **Defendant's theory**.

Defendant State Farm Fire and Casualty Company contends that the Plaintiffs violated the "concealment and fraud" as well as the "intentional acts" provisions of the policy of insurance issued to Plaintiffs therefore rendering the insurance policy void.

Plaintiffs made material misrepresentations both as to the amount and extent of their personal property destroyed as a result of this fire loss (including submitting inaccurate personal property inventory forms as well as making material misrepresentations during their examinations under oath).

Defendant State Farm Fire and Casualty Company was reasonably justified in denying the Plaintiffs' entire claim given the information, facts and circumstances it had available to it at the time of the denial.

E.  **Issues**.

1. Whether the Plaintiffs' misrepresented material facts to the Defendant as to necessitate the denial of the claim?

2. Whether the Defendant's denied the claim of the Plaintiffs in bad faith?

3. Are the Plaintiffs entitled to recover for losses which occurred in the fire under the policy for insurance written by the Defendant?

4. What is the amount the Plaintiffs are entitled to recover?

5. Whether Plaintiffs violated the following provisions of the insurance policy:

> **SECTION I – CONDITIONS**
> 12.  **Intentional Acts**. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

2

> **SECTION I AND SECTION II – CONDITIONS**
> 2. **Concealment or Fraud**. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether it be before or after a loss.

6. Whether Plaintiffs has satisfied the statutory prerequisites pursuant to T.C.A. §56-7-105.

7. Pursuant to Coverage B, Section I – Personal Property, are the Plaintiffs' entitled to recover more than actual cash value for their personal property items they claim to have lost in the fire to their home?

F. **Stipulations of fact**.

1. The Plaintiffs purchased insurance policy 42-KE-5713-0 from the Defendant on January 11, 2008.

2. The policy coverage period was from January 11, 2008 to January 11, 2009.

3. The fire loss to the Plaintiffs' real property and personal property occurred on October 27, 2008.

4. The policy limit for Coverage A (the residence itself) was $185,141.00.

5. The policy limit for Coverage B (personal property) was $138,856.00.

6. On December 18, 2008, Plaintiffs filled out "Personal Property Inventory Forms" (PPIFs) that detailed the contents of their home. These PPIFs were prepared by Plaintiffs and signed under penalty of prosecution. Plaintiffs' December 18 submission was over twenty pages long and detailed claimed lost personal property in three of the bedrooms in their home.

3

7. On February 5, 2009 Plaintiffs provided to State Farm an additional thirty-seven pages of PPIFs that detailed losses in the rest of the rooms of their home.

8. In total, Plaintiffs claimed in the PPIFs a loss of $143,558.70 in personal property under Coverage B.

9. On April 23, 2008, just over six months before their fire loss, Plaintiffs filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Tennessee.

10. Pursuant to their Chapter 13 claim, plaintiffs filed a "Schedule B – Personal Property" statement in the District Court. In this schedule, Plaintiffs listed only $2600.00 as the current value of their interest in personal property, including $1500 for "LR Suite, BR Suite, BR Suite, laptop, TV," $300 for clothing, and $800 for jewelry. Plaintiffs listed no other personal property, excepting a vehicle, and claimed all of the above listed property as exempt from creditors pursuant to Tenn. Code Ann. § 26-2-101 et seq.

11. Plaintiffs acquired almost no personal property between the filing of their bankruptcy case in April of 2008 and the fire of October 27, 2008.

12. The plaintiffs' bankruptcy plan was confirmed by Order on July 2, 2008 and plaintiffs/debtors to begin making monthly payments.

13. Plaintiffs bankruptcy case was discharged on October 11, 2008, just weeks before their fire loss, for failure to make payments to the trustee.

14. The policy of insurance issued by State Farm and held by Plaintiffs states

4

in part:

> **SECTION I – CONDITIONS**
> 12. **Intentional Acts**. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.
>
> **SECTION II – CONDITIONS**
> 2. **Concealment of Fraud.** This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

15. Plaintiffs' real property was foreclosed on by foreclosure sale on December 4, 2008 in the amount of $145,717.83 representing the full value indebtedness plus costs and attorneys' fees that Plaintiffs owed on their deed of trust/mortgage.

16. Pursuant to Plaintiffs' attorney's letter dated June 10, 2009 to Don Beedle of State Farm, Plaintiffs' maximum recovery under Coverage A, Section I – Dwelling is $40,000.00.

**G.** No novel or unusual questions of law are anticipated.

**H.** The estimated length of trial is one to two (1-2) days.

**I.** The possibility of settlement is unlikely at this time.

**J.** There exist no matters that may contribute to the just, speedy and inexpensive determination of this case.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

**SEXTON, SEXTON & KAZEE, P.C.**

 /s/ C. Patrick Sexton
**C. PATRICK SEXTON**, BPR #021683
425 Industrial Lane
P.O. Box 4187
Oneida, TN 37841
(423) 569-8341; (423) 569-9410 (fax)
**Attorney for Plaintiffs**
**George Anthony Sexton and**
**Mary P. Sexton**

**BAKER, O'KANE,**
**ATKINS & THOMPSON**

 /s/ Michael K. Atkins
**MICHAEL K. ATKINS**, BPR #017862
2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600; (865) 637-5608 (fax)

**RAINEY, KIZER,**
**REVIERE & BELL, P.L.C.**

/s/ Russell E. Reviere
RUSSELL E. REVIERE, #7166
Attorney for State Farm
209 East Main Street
P. O. Box 1147
Jackson, TN 38301-1147
(731) 423-2414
**Counsel for State Farm Fire and**
**Casualty Company**

6