| | |
|---|---|
| GEORGE ANTHONY SEXTON, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM FIRE & CASUALTY ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No.: 3:09-CV-535 <br> (VARLAN/SHIRLEY) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court following the joint motion [Doc. 24] by defendant State Farm Fire & Casualty Company and plaintiffs George and Mary Sexton. In the joint motion, the parties requested a short continuance of the trial and an extension of the dispositive motion deadline to allow the Court to consider additional evidence pertaining to defendant's motion for summary judgment [Doc. 10], denied by the Court on May 5, 2011 [Doc. 22]. The Court granted the parties' joint request for a short continuance [Doc. 26] and held a hearing on June 6, 2011 to consider the additional evidence. At the hearing, at which plaintiffs and counsel for both parties were present, defendant presented the additional evidence and the Court heard oral argument as to whether this additional evidence supported defendant's previous request for summary judgment on grounds of judicial estoppel. At the close of the hearing, the Court took the additional evidence and the arguments of counsel under advisement.

After carefully considering the additional evidence, the applicable law, and the arguments of the parties, and upon defendant's request for reconsideration of its motion for summary judgment in light of the additional evidence, the Court will grant summary judgment in defendant's favor on grounds of judicial estoppel.

## I. Relevant Facts and the Positions of the Parties[1]

Defendant issued a homeowners policy to plaintiffs insuring their residence (Coverage A) and personal property (Coverage B). While the policy was in effect, plaintiffs' home was completely destroyed by fire. Following the fire, plaintiffs tendered a claim to defendant under Coverage A and Coverage B. As part of that claim, plaintiffs submitted to defendant Personal Property Inventory Forms ("PPIF"). These PPIFs consisted of 57 pages of personal property and household items plaintiffs claimed were destroyed in the fire. These items totaled around $143,556.70. Defendant refused to pay plaintiffs' claim.

Prior to the fire, plaintiffs filed a petition for Chapter 13 bankruptcy in the Eastern District of Tennessee Bankruptcy Court (the "Bankruptcy Court"). In that petition, plaintiffs submitted and signed, under penalty of perjury, a schedule of assets that listed the current value of their interest in real property ("Schedule B"). In Schedule B, plaintiffs listed the current value of their assets at $2,600.00, an amount including $1,500.00 for furniture and electronics, $300.00 for clothing, and $800.00 for jewelry. Plaintiffs listed no other personal

---

[1]Other facts applicable to defendant's motion for summary judgment are summarized in the Court's memorandum opinion and order denying defendant's request for summary judgment [Doc. 22]. The parties stipulated to the additional evidence in the agreed pretrial order [Doc. 23] and at the hearing, held on July 6, 2011.

2

property in Schedule B, save for a vehicle, and claimed all the aforementioned property was exempt from creditors. Plaintiffs acquired almost no personal property between the filing of their Chapter 13 petition and the fire that destroyed their home. Plaintiffs were never adjudicated bankrupt because their Chapter 13 petition was discharged a few weeks prior to the fire for failure to make payments to the bankruptcy trustee.

In light of defendant's refusal to pay their claim, plaintiffs initiated this lawsuit, seeking to recover fully under their policy and alleging violations of the Tennessee bad faith refusal to pay statute, Tenn. Code. Ann. § 56-7-104(a), and violations of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq* (the "TCPA"). Defendant filed a motion for summary judgment [Doc. 10], asserting that it properly denied plaintiffs' claim because plaintiffs engaged in intentional concealment and misrepresentations regarding their claimed loss from the fire. Defendant also argued that plaintiffs should be judicially estopped from seeking to recover from defendant any personal property not initially listed in Schedule B of their Chapter 13 petition. Defendant asserted that judicial estoppel was appropriate because plaintiffs' position in Schedule B and their subsequent position in the PPIFs constitute inconsistent positions taken before a court of law that subverts the judicial process. In response, plaintiffs argued that judicial estoppel was not appropriate because their Chapter 13 petition and bankruptcy case was dismissed and there was no adjudication of bankruptcy.

3

Case 3:09-cv-00535-TAV-CCS   Document 28   Filed 06/23/11   Page 3 of 11   PageID #: 289

After expressing reservations regarding plaintiffs' argument that an adjudication of bankruptcy was necessary for a finding of judicial estoppel, the Court nevertheless denied defendant's request for summary judgment on grounds of judicial estoppel, holding that:

> [T]he record before the Court, consisting of plaintiffs' Chapter 13 petition, related schedules, and the order of the Bankruptcy Court dismissing plaintiffs' case for failure to pay the trustee, does not indicate whether the Bankruptcy Court adopted, as a preliminary matter, plaintiffs' position in Schedule B regarding the amount and values of their personal property. Thus, at present, the Court cannot determine whether plaintiffs should be judicially estopped from recovering under the insurance policy for the personal property they failed to disclose in their bankruptcy proceeding.

[Doc. 22, p. 15].

Following the denial of defendant's motion for summary judgment, the parties filed a joint motion for short continuance of trial date and extension of dispositive motion deadline [Doc. 24]. In that motion, the parties moved the Court for a short continuance of the trial and "ask[ed] the Court to consider, as a matter of judicial economy, reopening the dispositive motion deadline to allow Defendant to, . . . supplement it prior Motion for Summary Judgment" because "[i]t is the position of the parties that this step . . . is actually in the best interest of all concerned because it may obviate the need for this Court and the parties to go through the potentially unnecessary expense of starting a jury trial." [*Id.*, p. 1].

The parties also submitted an agreed pretrial order which stipulates that on July 2, 2008, the Bankruptcy Court entered an order in plaintiffs' Chapter 13 bankruptcy case confirming plaintiffs' Chapter 13 plan (the "Confirmation Order") [Doc. 23, ¶ 12; Def.'s Ex. 1]. The first page of the Confirmation Order provides, in pertinent part, that:

4

> The chapter 13 plan in this case or summary thereof having been transmitted to scheduled creditors, and it having been determined that plan as finalized complies with 11 U.S.C. § 1325 and should be confirmed, the court directs the following:
>
> 1. The plan, a copy of which is attached, is confirmed;
>
> 2. Property of the estate does not vest in the debtor(s) until completion of the plan[.]

[Def.'s Ex. 1]. The parties also stipulated in the pretrial order that the Confirmation Order confirmed plaintiffs' Chapter 13 plan, that payments under the plan commenced, and that the plan was ultimately dismissed for failure to make monthly payments required under the plan [Doc. 23, ¶¶ 12, 13].

After presenting the Confirmation Order to the Court, defendant referenced the Court's prior concerns that the record of this case did not indicate whether "the Bankruptcy Court adopted, as a preliminary matter, plaintiffs' position in Schedule B[.]" [Doc. 22, p. 15]. Defendant then argued that the Confirmation Order shows that the Bankruptcy Court adopted the Chapter 13 petition as submitted by plaintiffs, including Schedule B and the assets and valuation of the assets listed therein. Defendant contends that the Confirmation Order shows that the Bankruptcy Court adopted Schedule B because plaintiffs' Chapter 13 plan would not have been confirmed and the "property of the estate" referred to in the Confirmation Order—including the assets plaintiffs listed in Schedule B—would not be returned to plaintiffs until completion of that plan. Defendant then requested that the Court reconsider whether judicial estoppel was appropriate because the record of this case now reflects that by issuing the Confirmation Order—in which plaintiffs asserted a contrary position to that

5

taken in the PPIFs—the Bankruptcy Court adopted plaintiffs' contrary position. Should the Court decline to reconsider its summary judgment order and this case proceed to trial, defendant submits that it will likely move for a directed verdict on the issue of judicial estoppel.

Plaintiffs continue to argue that judicial estoppel is not appropriate. At the hearing, plaintiffs referenced the statement by the U.S. Court of Appeals for the Sixth Circuit that judicial estoppel should be applied with caution, *see Teledyne Indus., Inc. v. N.L.R.B.*, 911 F.2d 1214, 1218 (6th Cir. 1990), and argue that because the Confirmation Order does not contain findings of fact or an explicit adoption of plaintiffs' position in Schedule B, it cannot constitute judicial acceptance for purposes of judicial estoppel. Plaintiffs argue that even with the Confirmation Order as part of the record, it does not change the Court's previous analysis that judicial estoppel is not appropriate.

## II. Analysis

### A. Standard of Review

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310

6

Case 3:09-cv-00535-TAV-CCS   Document 28   Filed 06/23/11   Page 6 of 11   PageID #: 292

F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Catrett*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

### B. Judicial Estoppel

Plaintiffs are correct that the Sixth Circuit has observed that judicial estoppel is a doctrine that "should be applied with caution[.]" *See Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus.*, 911 F.2d at 1218). However, it is also a doctrine that is well-recognized by the Sixth Circuit and "utilized in order to preserve 'the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.'" *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475 (6th Cir. 2010) (quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002)). Sixth Circuit law is also clear that the application of judicial estoppel is appropriate in certain circumstances, namely, when a party asserts a position that is contrary to one that the party asserted under oath in a prior proceeding and where "the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Reynolds*

7

*v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 n.5 (6th Cir. 1982)).

In this case, the undisputed facts show that prior to the fire of their home, plaintiffs claimed in Schedule B, under penalty of perjury, about $2,600.00 in assets [Doc. 23, ¶¶ 8-10]. After the fire, the undisputed facts show that plaintiffs claimed in the PPIFs more than $140,000.00 in assets and now argue, in this action, that defendant wrongfully refused them payment of this claim [*Id.*]. Plaintiffs do not dispute that they acquired almost no personal property between claiming the assets in Schedule B and the fire that destroyed their home [*Id.*, ¶ 11]. Plaintiffs also do not dispute that the Bankruptcy Court entered the Confirmation Order which stated that the "[p]roperty of [plaintiffs'] estate does not vest in the debtor(s) until completion of the plan[.]" [*Id.*, ¶ 12; Def.'s Ex. 1]. Finally, it is undisputed that plaintiffs' Chapter 13 plan was never completed because their bankruptcy case was discharged for failure to make the required monthly payments [Doc. 23, ¶ 13].

The Sixth Circuit has applied judicial estoppel on similar facts. In *Smith v. Fireman's Fund Ins. Co.* ("*Fireman's Fund*"), an unpublished opinion, the Sixth Circuit affirmed the district court's finding that the plaintiffs were judicially estopped from recovering under their insurance policy any of the proceeds from assets they failed to disclose in a prior bankruptcy proceeding. 16 F.3d 1221 (Table), 1994 WL 6043, at *3 (6th Cir. Jan 7, 1994). The district court noted that prior to the fire, the plaintiffs had filed a Chapter 7 bankruptcy petition claiming that the total value of their assets amounted to $4,010. *Id.* at *2. However, in the contents inventory submitted to the defendant insurance company after the fire, the plaintiffs

8

claimed $21,384.67 in assets at the time of the fire. *Id.* The district court concluded that the plaintiffs' inconsistent positions concerning their assets in the two proceedings constituted material omissions sufficient for a finding of judicial estoppel. *Id.* The Sixth Circuit affirmed, finding that the "inconsistent positions indicate that plaintiffs must be judicially estopped from claiming recovery under the insurance policy for any items they failed to disclose in the bankruptcy proceeding." *Id.* at *3. There was no mention of whether the plaintiffs were adjudicated bankrupt. *See also Smith v. Allstate Ins. Co.*, No. 1:05-CV-329, 2006 WL 3833533, at *15 (S.D. Ohio Dec. 29) (finding judicial estoppel to be appropriate because the plaintiff was "taking an inconsistent position that subverts the judicial process" when she sought to recover items she did not disclose in a prior bankruptcy proceeding).

Here, it is clear that plaintiffs have asserted contradictory positions in two different proceedings—one position in the Bankruptcy Court and a different position in the PPIFs and in this proceeding. Indeed, there is a substantial difference between the value and amount of assets plaintiffs claimed in Schedule B and the value and amount of assets plaintiffs claimed in the PPIFs and in this proceeding. The question remaining for the Court and the reason defendant's request for summary judgment on grounds of judicial estoppel was previously denied is whether "the Bankruptcy Court adopted, as a preliminary matter, plaintiffs' position in Schedule B regarding the amount and values of their personal property." [Doc. 22, p. 15]. However, following the parties' stipulations of fact regarding the Confirmation Order, and the Court's review of that order, the record of this case now includes evidence that the Bankruptcy Court confirmed plaintiffs' Chapter 13 plan.

9

As previously noted, judicial estoppel is appropriate when a party asserts a position that is contrary to one that the party asserted under oath in a prior proceeding and where the first court has adopted the position urged by the party as a preliminary matter or as part of a final disposition. *Reynolds*, 861 F.2d at 473. Further, "when a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position." *Reynolds*, 861 F.2d at 473. Finally, and contrary to plaintiffs' contentions, there is no indication that approval by a bankruptcy court must also include findings of fact or a specific adoption of specific schedules or claimed assets.

Given the foregoing, and upon reconsideration of defendant's request for summary judgment on grounds of judicial estoppel, the Court finds the undisputed facts to show that plaintiffs' advanced a position in Schedule B, signed by plaintiffs under penalty of perjury, and that the Bankruptcy Court adopted this position by issuing the Confirmation Order confirming plaintiffs' Chapter 13 plan and directing that payments be made thereunder. The undisputed facts also show that plaintiffs advanced, in this proceeding, a position contradictory to the one they took in the Bankruptcy Court. These inconsistent positions and the doctrine of judicial estoppel lead the Court to conclude that plaintiffs should be judicially estopped from claiming recovery under their insurance policy for any items they failed to disclose in their bankruptcy proceeding.

Case 3:09-cv-00535-TAV-CCS   Document 28   Filed 06/23/11   Page 10 of 11   PageID #: 296

### III. Conclusion

For the reasons set forth above, and upon reconsideration of defendant's request for summary judgment on grounds of judicial estoppel and the additional evidence stipulated to by the parties, the Court hereby **GRANTS** defendant's request for summary judgment on grounds of judicial estoppel and plaintiffs are hereby judicially estopped from claiming recovery under their insurance policy for any items they failed to disclose in the bankruptcy proceeding. Thus, in light of the foregoing, and upon the Court's review of the claims asserted by plaintiffs in this case, including plaintiffs' claim under the TCPA and the bad faith refusal to pay statute, the parties are hereby **DIRECTED**, within **three (3) days** of the entry of this order, to submit an amended agreed pretrial order in accordance with ¶ 5 of the scheduling order [Doc. 8] entered in this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE